Filed 2/27/24  Ortiz v. Related Management Co. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MARCO ORTIZ,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>RELATED MANAGEMENT COMPANY, L.P.,<br><br>Defendant and Respondent. | B327016<br><br>(Los Angeles County<br>Super. Ct. No. BC718443) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Randolph M. Hammock, Judge.  Affirmed.

Law Offices of Ramin R. Younessi, Ramin R. Younessi, Samantha L. Ortiz, and Christopher S. Afgani for Plaintiff and Appellant.

Greenberg Traurig, Karin L. Bomholdt, Lindsay E. Hutner, and Tayanah C. Miller for Defendant and Respondent.

_____

Appellant Marco Ortiz contends the trial court erred in denying his request to vacate an arbitration award that dismissed his claims against respondent Related Management Company, L.P. (Related).  We find that because Ortiz failed to respond to Related's petition to confirm the arbitration award within the 10-day time limit specified in Code of Civil Procedure section 1290.6,[1] and no circumstances justify the equitable tolling of that deadline or equitably estop Related from asserting that deadline, the trial court did not err in confirming the award.  We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.  *The Arbitrator Dismisses All Claims Subject to Arbitration*

In August 2018, Ortiz filed a complaint against Related as well as The Related Companies of California, LLC (collectively, the Related Parties), alleging multiple employment causes of action, including a claim under the Private Attorneys General Act (PAGA).  In October 2018, the Related Parties moved to compel arbitration; Ortiz opposed the motion.  In March 2019, the court granted the motion as to all causes of action except for the PAGA claim, which the court ordered stayed pending arbitration.  The parties proceeded to arbitrate before the Honorable Carlos R. Moreno (ret.) at JAMS.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

In December 2019, Related moved for summary judgment in the arbitration.[3]  Ortiz opposed the motion, Related replied, and the arbitrator heard oral argument in December 2019.  On February 3, 2020, the arbitrator entered a final award, finding no triable issues of material fact, granting Related's motion, and dismissing all of Ortiz's claims with prejudice.  The award was served on all parties on February 6, 2020.

### B.    *The Related Parties Seek to Confirm the Award; Ortiz Seeks to Vacate It*

On February 26, 2020, the Related Parties petitioned to confirm the arbitration award.  The petition was served on Ortiz that same day.  Two days later, the Related Parties gave notice that their petition was to be heard on May 11, 2020.

On February 27, 2020, Ortiz's counsel submitted a declaration informing the court that it had reserved a hearing date of April 21, 2020, for a motion to vacate the arbitration award.  On March 4, 2020, the parties stipulated to reschedule the hearing date to May 11, 2020, the same date the Related Parties' petition was to be heard.  On April 17, 2020, the court vacated the May 11, 2020 hearing dates and continued them to July 15, 2020.

---

[3] It is unclear from the record why The Related Companies of California, LLC did not also move for summary judgment, or (as described below) why sometimes a pleading would be filed on behalf of only Related, and other times a pleading would be filed on behalf of both Related Parties.  However, because no party attributes any significance to these details, we do not address them.

3

On May 14, 2020, Ortiz filed a petition to vacate the arbitration award. On May 27, 2020, Related opposed Ortiz's motion. Among its arguments was that the trial court "has no power to vacate the Arbitrator's award. Mr. Ortiz deprived this Court of its jurisdiction to vacate the award when he failed to respond to Related's February 26, 2020 petition to confirm the arbitration award within the 10-day filing and service deadline set forth under California Code of Civil Procedure § 1290.6."

On July 1, 2020, Ortiz opposed the Related Parties' petition to confirm the arbitration award. In Related's reply, it again argued that Ortiz's opposition was "simply too late" and that the court lacked jurisdiction to vacate the award because Ortiz failed to respond to the Related Parties' petition within the 10-day filing and service deadline.

On July 8, 2020, Ortiz replied to Related's opposition to his motion to vacate. In response to Related's untimeliness argument, Ortiz did not dispute he had missed a jurisdictional deadline but argued that "in anticipation that this Court might agree that Plaintiff's petition was untimely, Plaintiff preemptively seeks relief under section 473(b)." Ortiz explained that the timing of his petition to vacate was based on his counsel's reliance on section 1288, which provided a petition to vacate an award was to be filed within 100 days of service of the award. The reply further admitted that "Plaintiff's counsel . . . was unaware that if a party petitions the court to confirm an arbitration award, a response seeking to vacate the award must be filed within 10 days of the date the petition to confirm is served, per Code Civ. Proc., § 1290.6."

4

## C.   *The Court Confirms the Award*

On July 15, 2020, the trial court granted the Related Parties' petition and denied Ortiz's petition.  Citing section 1290.6, the court agreed that when a petition to confirm an arbitration award had been filed, "any response seeking to vacate the award must be filed within 10 days after service of the petition."  The court found that while it "could excuse Plaintiff from the failure to file" his request to vacate the award within the 10-day deadline, it declined to do so here because Ortiz's counsel had "not provided any basis on which to excuse her ignorance of the deadline in CCP § 1290.6."  The court also explained that, even were it to overlook the procedural deficiencies, Ortiz had "shown no basis on which to vacate the award."

In September 2020, Ortiz filed a notice of appeal, stating he was appealing "An Order Confirming Arbitration Award pursuant to Code of Civil Procedure section 1285 et seq."  In February 2022, we dismissed the appeal, finding the record contained neither an appealable order nor judgment.  (*Ortiz v. Related Mgmt. Co., L.P.* (Feb. 23, 2022, B307902), 1–2.)  We issued a remittitur in April 2022.

## D.   *The Court Enters Judgment*

In May 2022, the Related Parties moved for summary judgment on the remaining PAGA claim, arguing that the confirmed arbitrator's award meant Ortiz was not an "aggrieved employee," and only an aggrieved employee could bring a PAGA claim.  In August 2022, Ortiz filed a notice of non-opposition, agreeing that "if the arbitration award and court judgment on other causes of action are confirmed on appeal, then [Ortiz's cause of action based on the] Private Attorney[s] General Act will

5

fail on appeal." In September 2022, the court granted the Related Parties' motion. In January 2023, the court entered judgment in favor of "Defendants." Ortiz timely appealed.

## DISCUSSION

"Any party to an arbitration in which an award has been made may petition the court to confirm . . . the award." (§ 1285.) Should such a petition be filed, "[a] response shall be served and filed within 10 days after service of the petition . . . ." (§ 1290.6.) The court may not vacate an award unless a petition or response requesting that the award be vacated or corrected "has been duly served and filed." (§ 1286.4, subds. (a) & (b).) A response is not "duly served and filed" if not served and filed within 10 days of service of the petition to confirm the award. (*Rivera v. Shivers* (2020) 54 Cal.App.5th 82, 94 (*Rivera*).) It is undisputed that Ortiz did not file a response to the Related Parties' petition within 10 days of service of the petition (instead, 78 days had elapsed between the filing of the Related Parties' petition and Ortiz's petition to vacate, and 124 days had elapsed between the Related Parties' petition and Ortiz's response), and that the trial court denied his request to vacate the award in part due to this failure.

Ortiz wholly failed to address this basis for the court's order in his opening brief, arguing instead that the arbitrator's award "violated Appellant's unwaivable statutory rights *and* contravened explicit legislative expression of public policy." After Related raised the timeliness issue in its opening brief, Ortiz responded in his reply brief, arguing that: (a) his "case is distinct from the *Rivera* case as the lower court in this case retained its authority"; and (b) our Supreme Court held in *Law Finance*

6

*Group, LLC v. Key* (2023) 14 Cal.5th 932 (*Law Finance Group*) that "a lower court may retain its authority, thereby not barring it from hearing an appeal on jurisdictional grounds."

Preliminarily, we find Ortiz has forfeited these arguments for two reasons.  First, Ortiz did not contend in the trial court that the 10-day deadline was not jurisdictional—he argued only that the court should grant him relief under section 473 for missing the deadline.  Generally, " 'issues not raised in the trial court cannot be raised for the first time on appeal.' " (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603.)  Ortiz does not contend that the court erred in denying his request for relief under section 473.  Second, Ortiz failed to raise these arguments until his reply brief in this court.[4]  (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1050 [argument not raised until appellate reply brief forfeited].)  Even were we to consider his arguments, we would be unconvinced.

### A.    *Ortiz Fails to Distinguish* Rivera

In *Rivera*, the respondent did not respond to the appellants' petition to confirm an arbitration award until two months after it was filed.  (*Rivera*, *supra*, 54 Cal.App.5th at p. 88.)  The appellate court found that, because the respondent failed to respond within the 10-day period specified in section 1290.6, the trial court could not consider the response.  (*Id.* at p. 94.)

In his reply brief, Ortiz argued that *Rivera* is distinguishable because "the lower court in this case retained its authority."  To the extent we understand this argument, Ortiz

---

[4] Though our Supreme Court did not issue its opinion in *Law Finance Group* until June 2023, Ortiz's opening brief was not filed until September 2023.

7

appears to contend that we should not follow *Rivera* because, in *Rivera*, confirming the arbitration award would have disposed of all claims before the superior court whereas, in the instant case, even if the court confirmed the arbitration award, the court still had jurisdiction because of Ortiz's PAGA claim.  Ortiz fails to explain, and we do not see, why this should make any difference as to whether the trial court could or should have entertained an opposition filed outside the section 1290.6 deadline.  Ortiz has therefore forfeited this argument.  (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 ["In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis . . . .  Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority"].)

### B.   *Equitable Tolling and Equitable Estoppel Do Not Apply*

We are also unconvinced by Ortiz's second argument.  In *Law Finance Group*, nine days after the plaintiff had filed a petition to confirm an arbitration award, counsel for both parties acknowledged the defendant's response was due the next day but "agreed to extend the time for response." (*Law Finance Group*, *supra*, 14 Cal.5th at p. 943.)  "The attorneys further agreed to coordinate a hearing date so that the trial court could consider both [plaintiff]'s petition to confirm and [defendant]'s petition to vacate at the same time, and to set a briefing schedule for both petitions corresponding to that date." (*Id.* at pp. 943–944.)  The defendant ended up filing her petition to vacate, as well as her response to the plaintiff's petition to confirm, well outside section

8

1288.2's 100-day time limit.[5] (*Id.* at p. 944.) While the trial court deemed the petition to vacate untimely under section 1288.2, it found the response to the petition to confirm timely under section 1290.6 in light of the attorneys' agreement to extend the deadline to respond. (*Id.* at pp. 944–945.) The appellate court reversed, holding that section 1288.2's 100-day time limit was jurisdictional and could not be extended by the parties. (*Id.* at p. 945.) Our Supreme Court disagreed, holding that section 1288.2 was "a nonjurisdictional statute of limitations that is subject to equitable tolling and equitable estoppel." (*Id.* at pp. 959–960.) Our high court remanded the case to the appellate court to consider "whether equitable considerations should excuse [defendant]'s failure to comply with the statutory deadline." (*Id.* at p. 960.)

Though not entirely clear, Ortiz appears to be arguing that we should analogously hold that section 1290.6's 10-day limit is also not jurisdictional, and thus the court could have considered his request to vacate the arbitration award despite his untimely filing. We disagree.

Ortiz has provided, and we have found, no cases applying *Law Finance Group*'s holding to section 1290.6. But we need not decide whether the time limit provided in section 1290.6 is jurisdictional. Assuming, without deciding, that it is not, *Law Finance Group* dictates we must then consider whether the deadline was equitably tolled, or whether equitable estoppel

---

[5] (§ 1288.2 ["A response requesting that an award be vacated or that an award be corrected shall be served and filed not later than 100 days after the date of service of a signed copy of the award"].)

prevented the Related Parties from asserting it. Neither equitable doctrine applies.

Unlike in *Law Finance Group*, Ortiz and the Related Parties did not agree to extend the deadline to file a response to the petition to confirm. Indeed, Ortiz admitted that he failed to file a timely response to the Related Parties' petition because his counsel "was unaware that if a party petitions the court to confirm an arbitration award, a response seeking to vacate the award must be filed within 10 days of the date the petition to confirm is served, per Code Civ. Proc., § 1290.6." The trial court found this to be an invalid excuse and Ortiz has not argued it erred in doing so.

Instead, Ortiz argues that, within ten days of the Related Parties' petition, he reserved a hearing date for his petition to vacate the award, then submitted an oral stipulation to the court to reschedule the petition to vacate to the same day as the hearing for the Related Parties' petition to confirm the award, and finally filed the petition to vacate within the 100-day limit set forth in section 1288.2. We are unpersuaded.

While Ortiz did file his petition to vacate within the 100-day deadline, "[i]f a petition to confirm the award is filed fewer than 90 days after an award is served, a competing request to vacate or correct the award—whether styled as a response to the petition to confirm or as a standalone petition—must be filed and served within 10 days of service of the petition to confirm, *even if that due date is less than 100 days after service of the award*." (*Darby v. Sisyphian, LLC* (2023) 87 Cal.App.5th 1100, 1110, italics in original, fn. omitted.) To hold otherwise "would effectively negate the 10-day deadline since any party who

10

missed the 10-day deadline could simply restyle their untimely response as a standalone petition . . . ." (*Id.* at p. 1110, fn. 7.)[6]

Nor does Ortiz explain why informing the Related Parties that he had reserved a hearing date for his petition to vacate, or stipulating to move that hearing date to the same day as the Related Parties' petition to confirm, would either equitably toll section 1290.6's 10-day deadline or equitably estop the Related Parties from asserting that his failure to comply with that deadline rendered his untimely response fatally deficient. Neither action hindered Ortiz from filing his opposition in a timely manner, nor reasonably led him into thinking he need not do so.

Because we find the trial court did not err in denying Ortiz's request to vacate the arbitration award due to the untimeliness of his response filing, we need not and do not consider his other contentions of error on appeal.

---

[6] Our Supreme Court explicitly declined to address this issue in *Law Finance Group*. (*Law Finance Group*, *supra*, 14 Cal.5th at p. 947, fn. 2 ["We need not and do not decide whether a party that fails to file a timely response under section 1290.6 may nevertheless request vacatur in a petition to vacate filed within the limitations period of section 1288"].)

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED


CHANEY, J.


We concur:



BENDIX, Acting P. J.



WEINGART, J.